**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18–CR-30016-SMY |
| | ) |
| EMIL LEWIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 126). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B). The Government filed a response (Doc. 127).

Section 404 of the First Step Act allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before the Fair Sentencing Act modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). The First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence pursuant to the First Step Act applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine

offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence under the First Step Act is within the discretion of the Court. In other words, the Court may, but is not required to, reduce a defendant's sentence if the Fair Sentencing Act changed the applicable statutory penalty range. First Step Act, § 404(c).

Here, Defendant pled guilty to one Count of conspiracy to distribute cocaine (Count 1) and three Counts of distribution of cocaine (Counts 3, 4, and 5) arising from offenses committed in 2016 and 2017. He was sentence to 240 months in October 2018 (Doc. 97). Defendant's convictions are not covered by § 404 of the First Step Act. First, Defendant committed his federal offenses in 2016 and 2017 – well after the effective date of the Fair Sentencing Act. Additionally, Defendant was not convicted of a crack cocaine offense. *See United States v. Kamber*, 2019 WL 399935, at *1 (S.D. Ill. Jan. 31, 2019) (citing First Step Act, § 404(a)); *United States v. Drayton*, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019) (denying defendant's motion for a reduction under the First Step Act because the defendant was convicted of an offense involving powder cocaine and marijuana).

For the foregoing reasons, Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 126) is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 6, 2019

**STACI M. YANDLE**
**United States District Judge**