IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cr-30016-SMY |
| | ) |
| EMIL LEWIS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

    Defendant Emil Lewis was sentenced to 240 months imprisonment after pleading guilty to one count of conspiracy to distribute cocaine and three counts of distribution of cocaine (Docs. 92, 97). Now pending before the Court is Lewis' "Motion Under 60(b)(6) Challenging the District Court's Subject-Matter Jurisdiction and More" (Doc. 162). Lewis asserts that his conviction should be overturned because the Court lacked jurisdiction to sentence him.

    The Federal Rules of Civil Procedure "govern the procedures in all *civil* actions and proceedings in the United States district courts . . . ." FED. R. CIV. P. 1 (emphasis added). Since this is a criminal case and not a civil case, Civil Rule 60 is an inapplicable legal basis of support for Lewis' motion.

    To the extent that Lewis seeks relief from his sentence by challenging its validity, that is an issue reserved for collateral attack under 28 U.S.C. § 2255. A petition under 28 U.S.C. § 2255 is "the exclusive remedy" for a federal prisoner raising a direct challenge to the validity of his sentence. *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir.1991); *see also Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir.2007). The Seventh Circuit has repeatedly held that a post-conviction

motion that is functionally a § 2255 motion should be treated as such, regardless of how it is labeled. *See, e.g., Carter v. United States,* 312 F.3d 832, 833 (7th Cir. 2002).

Accordingly, Defendant's "Motion Under 60(b)(6) Challenging the District Court's Subject-Matter Jurisdiction and More" (Doc. 162) is **DENIED**. Defendant's Motion for Ruling (Doc. 164) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED: June 26, 2023**

**STACI M. YANDLE**
**United States District Judge**